**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4054**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

TRAVIS DWAYNE JOHNSON,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CR-02-333)

─────────────

Submitted:  February 28, 2006      Decided:  March 16, 2006

─────────────

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.   Jonathan S. Gasser,
United States Attorney, Rose Mary Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Travis Dwayne Johnson appeals from his 204-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Johnson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but addressing the propriety of the colloquy pursuant to Fed. R. Crim. P. 11, and Johnson's sentence as an armed career criminal. At the direction of the court, the parties filed supplemental briefs addressing the validity of Johnson's sentence under United States v. Booker, 543 U.S. 220 (2005). Johnson was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm Johnson's conviction and sentence.

We find that Johnson's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11. Johnson was properly advised of his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Johnson questions whether the district court properly counted his South Carolina burglary convictions as violent felony offenses for purposes of the Armed Career Criminal Act. The statute defines "violent felony" to include burglary. 18 U.S.C. § 924(e)(2)(B)(ii) (2000). Thus, the district court properly considered Johnson's burglary convictions as predicate offenses under the armed career criminal statute. See Taylor v. United States, 495 U.S. 575, 598-99 (1990); United States v. Hairston, 71 F.3d 115, 117 (4th Cir. 1995) (applying categorical approach to definition of violent felony).

In his supplemental brief, Johnson raises three grounds of error under Booker. First, he asserts that the district court erred in applying U.S. Sentencing Guidelines Manual § 5G1.3(a) (2002) as mandatory and imposing his federal sentence to run consecutive to the state sentences that he was serving. Because this issue was not presented in the district court, this court reviews for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

The district court's imposition of Johnson's sentence under the mandatory sentencing guidelines regime was error, which was plain. White, 405 F.3d at 216-17. In determining whether an error affected the defendant's substantial rights--the third prong of the analysis--the defendant must show that the error "'affected

- 3 -

the outcome of the district court proceedings.'"  Id. at 223 (quoting Olano, 507 U.S. at 734).

Johnson asserts that the district court did not have the opportunity to consider an alternative application of the guidelines because Blakely v. Washington, 542 U.S. 296 (2004), and Booker had not yet been decided.  He states that "it might appear that the district court considered a concurrent sentence."  The asserted confusion arose due to a misstatement in the presentence report.  The district court corrected this error, stating that "it actually should have said consecutive.  It's mandatory.  I have no discretion."  The court later explained, "even if [a consecutive sentence] is not mandated [by the guidelines], I believe a consecutive sentence is appropriate in this case."

Because our review of "the record as a whole provides no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" White, 405 F.3d at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)), we conclude that Johnson has not shown that he was prejudiced by the district court's determination of his sentence under the mandatory guideline regime.

Johnson next contends that his sentence violates Booker because the district court sentenced him as an armed career criminal based on facts not included in the indictment, admitted by

him, or found by a jury beyond a reasonable doubt. We have recently held that a district court's finding that a defendant had qualifying felony convictions that supported an armed career criminal designation does not violate Booker. See United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

The final issue asserted in Johnson's supplemental brief is whether the district court's finding that he had at least three prior convictions for violent felonies committed on different occasions from one another and sentencing him under the Armed Career Criminal Act runs afoul of Booker. We have recently held that the dates of commission of the prior offenses is a fact of a prior conviction and need not be alleged in the indictment, admitted by the defendant, or found beyond a reasonable doubt. See United States v. Thompson, 421 F.3d 278, 286 (4th Cir.), pet. for cert. filed (Oct. 25, 2005) (No. 05-7266). Accordingly, we find no Booker error, much less plain error, by the district court in making this determination.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that

- 5 -

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED